1 | LAW OFFICE OF DANIEL MARKS
DANIEL MARKS, ESQ.
2 | Nevada State Bar No. 002003
ADAM LEVINE, ESQ.
3 | Nevada State Bar No. 004673
610 South Ninth Street
4 | Las Vegas, Nevada 89101
(702) 386-0536: FAX (702) 386-6812
5 | *Attorneys for Plaintiff Anthony Russo*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

ANTHONY RUSSO, an individual;  Case No.: 2:17-cv-00805-GMN-VCF

Plaintiff,

v.

CLARK COUNTY SCHOOL DISTRICT,
a political subdivsion; EDWARD GOLDMAN,
an individual; JAMES KETSAA, an individual.

Defendants.
_____/

IT IS HEREBY STIPULATED AND AGREED between the parties, by and through their undersigned counsel, that Plaintiff Anthony Russo shall amend his Complaint [Doc. 1] filed on March 17, 2017 with the proposed Amended Complaint attached hereto as Exhibit "1".

The deadline under the current scheduling order for amending the pleadings was actually August 24, 2017. However, there was good cause/excusable neglect on the part of Plaintiff's counsel for the failure to seek leave by this date. The parties, including recently dismissed Plaintiff Daniel Burgess, attended an early Neutral Evaluation on July 25, 2017. While Plaintiff Russo was excused, Burgess and the Defendants came very close to reaching a settlement such that the parties were to report back to the Magistrate Judge conducting the ENE regarding further settlement discussions.

1

Plaintiff Russo's counsel was thereafter informed that the matter was going to settle and was awaiting such settlement in the dismissal of Burgess because the original Complaint was a joint complaint. While a stipulation was entered between Defendants and Burgess to extend deadlines, Russo's counsel did not realize at the time of that stipulation that Russo had been excluded from the extension.

Additionally, Plaintiff Russo is a member of the United States Department of Health and Human Services National Disaster Medical System. Prior to the deadline to amend under current scheduling order Russo received deployment orders in connection with the impending arrival of Hurricane Harvey in Texas. Plaintiff Russo has not yet returned to Las Vegas as he was deployed from Hurricane Harvey relief to Florida following Hurricane Irma. Accordingly, Plaintiff's counsel has had limited contact with Russo, and will not have such contact until Russo returns in October from Federal deployment.

DATED this 27th day of September, 2017.

LAW OFFICE OF DANIEL MARKS

  /s/ Daniel Marks, Esq.  
DANIEL MARKS, ESQ.
Nevada State Bar No. 002003
ADAM LEVINE, ESQ.
Nevada State Bar No. 004673
610 South Ninth Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

DATED this 27th day of September, 2017.

GREENBERG TRAURIG, LLP

  /s/ Kara B. Hendricks, Esq.  ,
MARK E. FERRARIO, ESQ.
Nevada State Bar No. 001625
KARA B. HENDRICKS, ESQ.
Nevada State Bar No. 007743
3773 Howard Hughes Pkwy, Suite 400 North
Las Vegas, Nevada 89169
*Attorneys for Defendants*

**IT IS SO ORDERED.**

IT IS HEREBY ORDERED that the Amended Complaint must be filed on or before October 6, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

DATED this 28th day of September, 2017.

2

EXHIBIT "1"

Amended Complaint

EXHIBIT "1"

1  LAW OFFICE OF DANIEL MARKS
   DANIEL MARKS, ESQ.
2  Nevada State Bar No. 002003
   ADAM LEVINE, ESQ.
3  Nevada State Bar No. 004673
   610 South Ninth Street
4  Las Vegas, Nevada 89101
   (702) 386-0536: FAX (702) 386-6812
5  *Attorneys for Plaintiff*

6

7                    IN THE UNITED STATES DISTRICT COURT

8                          FOR THE DISTRICT OF NEVADA

9

10  ANTHONY RUSSO, an individual,                Case No.: 2:17-cv-00805-GMN-VCF

11        Plaintiff,

12  v.

13  CLARK COUNTY SCHOOL DISTRICT,
    a political subdivsion; EDWARD GOLDMAN,      **AMENDED COMPLAINT**
14  an individual; JAMES KETSAA, an individual;
                                                 **JURY TRIAL DEMANDED**
15        Defendants.
    _____/

16

17        Plaintiff ANTHONY RUSSO, by and through undersigned counsel, Daniel Marks, Esq. and

18  Adam Levine, Esq. of the Law Office of Daniel Marks, hereby demand a trial by jury and complain and

19  allege against the above-named Defendants as follows:

20        1.      At all times material hereto Plaintiff Anthony Russo was a resident of Clark County,

21  Nevada and was employed as a post-probationary police Sergeant with the Clark County School

22  District ("CCSD") Police Department.

23        2.      At all times material hereto Defendant Clark County School District was a political

24  subdivision of the State of Nevada.

3. At all times material hereto Defendant James Ketsaa was a resident of the State of Nevada and employed as the Chief of Police of the CCSD Police Department.

4. At all times material hereto Defendant Edward Goldman was a resident of the State of Nevada employed as the Associate Superintendent over Employee Management Relations for CCSD. As the Associate Superintendent over Employee Management Relations ("EMR") Defendant Goldman acts as the Superintendent's Designee and was the final decision maker with regard to all issues relating to employee discipline.

5. The United States District Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1343(a)(4) and §2201 as the Plaintiff seeks damages and declaratory and/or injunctive relief arising out of the violation of his federal constitutional rights pursuant to 42 U.S.C. §1983 and *Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658 (1978).

6. At all times material hereto Defendants Ketsaa and Goldman were acting under color of state law.

7. On September 9, 2015 Defendant Ketsaa suspended Sergeant Anthony Russo indefinitely without pay pending investigation.

8. Russo was not provided with any type of pre-deprivation hearing prior to having his pay cut off on September 9, 2015.

9. On November 17, 2015 Russo received a "Notice of Disciplinary Action-Recommendation for Dismissal and Immediate Suspension without Pay Pending Recommendation for Dismissal". The Notice to Russo informed him that he would have a post-deprivation "evidentiary hearing" before Goldman, or Goldman's designee, at a later date.

10. Russo was not provided with any pre-deprivation hearing prior to having his pay cut off on either September 9, 2015 or November 17, 2015.

///

11. Russo did not receive his post-deprivation "evidentiary hearing" before Goldman until January 7, 2016. As was the case with prior officers, including but not limited to Lieutenant Daniel Burgess, the hearing he received was not an "evidentiary hearing" insofar as the district presented no testimony or documentary evidence. Rather, CCSD's presentation consisted exclusively of arguments of CCSD legal counsel.

12. On January 8, 2016, Goldman upheld the termination and made it retroactive so as to be "effective November 17, 2015."

13. Russo was a post-probationary employees who could only be terminated for "just cause", and therefore had a property interest in his employment within the meaning of the Due Process Clause of the Fourteenth Amendment.

14. Due process required that Russo receive a pre-deprivation hearing whereby he was provided notice of the charges, an explanation of the evidence upon which it was based, and a meaningful opportunity to invoke the discretion of the decision maker prior to being deprived of his pay and employment.

15. The actions of Ketsaa in depriving Russo of his pay and employment without any pre-deprivation hearing violated Russo's rights under the Due Process Clause of the Fourteenth Amendment.

16. Defendant Goldman ratified the actions of Ketsaa in depriving Russo of his due process rights, and is therefore liable for the deprivations.

17. Defendants Ketsaa and Goldman possessed the final authority to establish policy with respect to the termination of police officers so as to warrant the imposition of liability upon CCSD under 42 U.S.C. §1983.

18. CCSD had an unconstitutional custom, practice, and/or policy of terminating post-probationary employees with a property interest in their employment without any type of pre-

deprivation hearing so as to warrant the imposition of liability on CCSD under 42 U.S.C. §1983. Prior instances of this unconstitutional custom, practice and/or policy include, but are not limited to the following:

    a. In or about August of 2014 CCSD indefinitely suspended police officers Steven McNeill and James Kettner without pay pending investigation without any prior deprivation hearing. By October of 2014 CCSD had determined that McNeill was not to be terminated and was only to receive a ten-day suspension. However CCSD refused to reimburse McNeill for the time he was suspended without pay in August of 2014 until his reinstatement in October.

    b. On March 27, 2015 CCSD served Lieutenant Daniel Burgess with a Notice of Disciplinary Action. While the document purported to be a "recommendation" for discipline, Burgess' pay was ended effective that day without any prior hearing. Defendant Ketsaa informed Burgess when handing him the Notice that he was in fact terminated effective that day despite not having a pre-termination hearing.

    c. On May 6, 2015 CCSD indefinitely suspended without pay Officer Michael Thomas without any prior hearing. On December 3, 2015 Defendant Ketsaa terminated Officer Thomas' employment utilizing the same type of Notice utilized for Lieutenant Burgess and was likewise not given a pre-termination hearing.

    d. As was the case with Russo, both Burgess and Thomas received post-termination hearings which were not evidentiary hearings wherein the district presented any evidence. As was the case with Russo, the post-termination hearing officer made determinations of both Burgess and Thomas "retroactive" to the dates that they received their Notice of Disciplinary Action from Defendant Ketsaa.

///

19. As a direct and proximate result of the deprivation of his federal constitutional rights as set forth above Plaintiff Anthony Russo has suffered and/or incurred general damages including, but not necessarily limited to, lost wages, earnings, benefits and/or emoluments, and emotional distress.

20. As a direct and proximate result of the deprivation of his federal constitutional rights as set forth above, Plaintiff Anthony Russo has further suffered special damages in the form of attorney's fees and costs, witness fees, expert witness fees, and/or arbitrators' fees and expenses in connection with the post-termination hearing which resulted in his termination being overturned.

21. Defendants Ketsaa and Goldman's deprivation of Russo's federally protected rights was malicious and/or undertaken in callous disregard for Russo's rights so as to warrant the imposition of punitive damages.

WHEREFORE, Russo prays for judgment against Defendants, and each of them, as follows:

1. For an entry of judgment in favor of Plaintiff and against Defendants, and each of them, on the complaint and all claims for relief asserted therein;

2. For an award of general damages in an amount to be proven at trial;

3. For an award of special damages for attorney's fees, witness fees, expert witness fees and/or arbitrators' fees and costs in an amount to be proven at trial;

4. For an award of punitive damages in an amount to be proven at trial;

5. For pre-judgment and post-judgment interest, as allowed by law;

///

///

///

///

///

///

6. For an award of reasonable attorneys' fees and costs incurred herein, as allowed by law, in an amount to be determined; and

7. For such other and further relief as the district court may deem just and proper.

DATED this _____ day of September, 2017.

                                          LAW OFFICE OF DANIEL MARKS

                                          _____
                                          DANIEL MARKS, ESQ.
                                          Nevada State Bar No. 002003
                                          ADAM LEVINE, ESQ.
                                          Nevada State Bar No. 004673
                                          610 South Ninth Street
                                          Las Vegas, Nevada 89101
                                          *Attorneys for Plaintiff*